# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>IAN CHRISTOPHERSON,<br><br>    Defendant. | 2:09-cr-56-KJD-RJJ<br><br>**DETERMINATION UNDER <u>28 USC §455(a) AND CODE OF JUDICIAL CONDUCT, CANON 3E(1)(a)</u>** |

Presently before the Court is Plaintiff's Notice and Request for Determination under 28 U.S.C. §455(a) and Code of Judicial Conduct, Canon 3E(1)(a) (#16).

## BACKGROUND

Plaintiff has requested that the Court determine whether there is a conflict or potential conflict that might exist between the Court and the Defendant in the above-captioned matter. The request arises from a prior commercial landlord-tenant relationship wherein Defendant and his partner rented space from the Judge's corporation, Kent J. Dawson, Chtd. Plaintiff states that over a year prior to Defendant's indictment, Plaintiff became aware of the fact that Defendant had previously rented space from a federal judge in the district. Later, in preparing for trial, Plaintiff became aware of the fact that it was the presiding judge in this case. Accordingly, Plaintiff requests a determination as to whether, under the circumstances, the Court's impartiality might reasonably be questioned.

**ANALYSIS**

To the best recollection of the Court, the relationship between the Judge's corporation and the partnership of Burke & Christopherson terminated in late 2001. Also, to the best recollection of the Court, the relationship consisted of a month-to-month tenancy at standard rent for windowed offices. Defendant's rental unit was one of a dozen or so offices in the same building. Termination was amicable and with reasonable notice. There were no unusual circumstances which, from the standpoint of a landlord, might call into question future impartiality.

Other than the relationship of landlord-tenant, which terminated approximately ten years ago, there has been no further association of a business or social nature. The Court is not aware of any funds owing from either party and accordingly, there is no related financial interest which would be affected by the outcome of these proceedings.

The standard for judicial disqualification under 28 U.S.C. §455(a) is whether the Judge's impartiality might reasonably be questioned. Code of Judicial Conduct, Canon 3(E)(1)(a) provides that a judge shall disqualify himself in a proceeding in which the Judge's impartiality might be reasonably be questioned, including but not limited to instances in which the Judge has a personal bias or prejudice concerning a party. The Court has no personal bias or prejudice concerning the Defendant in this case. The Court further finds that the landlord-tenant relationship between the Defendant and the Judge's corporation, which terminated under amicable circumstances almost one decade ago, would not cause the Court's impartiality to be reasonably questioned.

The Court has a sworn duty not to disqualify itself unless there are proper and reasonable grounds for doing so. State of Idaho v. Freeman, 478 F.Supp. 33 (D.C. Idaho, 1979). There is as much an obligation for judge not to recuse himself, when there is no occasion for him to do so, as there is for him to do so when there is. U.S. v. Burger, 964 F.2d 1065 (10th Cir. 1992). A bankruptcy judge's recusal was not warranted in a debtor's Chapter 11 case due to the judge's prior representation of debtor's primary secured creditor, because the Judge's engagement by creditor

occurred more than three years earlier, had long been concluded and was entirely unrelated to debtor's case.  In re: Syntax-Brillian Corp., 400 B.R. 21 (Bkrtcy. D. Del. 2009).  Further, a bankruptcy judge's prior association with Debtor's counsel did not require his disqualification where the last association had occurred six and one-half years ago and had not involved the case *sub judice*.  In re Johnson-Allen, 68 B.R. 812 (Bkrtcy. E.D Pa. 1987).

## **CONCLUSION**

The prior relationship of landlord-tenant between Defendant's partnership and the judge's corporation which terminated amicably approximately ten years ago and without residual financial obligation is not a circumstance in which the Court's impartiality might be reasonably questioned.  Nor is there a personal bias or prejudice concerning a party based on the facts known to the Court.

DATED:  September 1, 2011

_____
Kent J. Dawson
United States District Judge