# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IAN CHRISTOPHERSON,

    Defendant.

Case No. 2:09-CR-0056-KJD-RJJ

**ORDER**

Presently before the Court is Government's Motion to Exclude Defense Expert (#63) and Government's Motion to Exclude Defense Evidence (#65) to which Defendant has filed a response and Countermotion to Dismiss (#75). The Government has filed a response to the Motion to Dismiss (#76). The Government has filed a Notice and Motion in Limine to Introduce Business Records (#64). Defendant did not respond. Also before the Court is Defendant's Notice of Intent to Introduce Former Testimony (#72), to which Government has filed a response (#74).

## ANALYSIS

Government's Motion to Exclude Defense Expert (#63), seeks to preclude the testimony of Richard Flakus, a proposed defense expert witness who, it is argued, will testify concerning improper actions by IRS employees in issuing successive levies involving Defendant's bank accounts and clients. The Government contends that the evidence is irrelevant because the principal act of evasion

occurred on August 21, 2002, when Defendant began using a bank account at First Citizens Bank of Butte, Montana under the name of Industrial Consultants and that the Flakus' testimony focuses on levies that did not occur until Fall of 2003. However, attached to Defendant's opposition (#75) is a letter from the law firm of Jolley, Urga, Wirth and Woodbury, attorneys for Nevada State Bank, dated May 20, 2002, referencing an improper levy against Defendant's trust account prior to that time. The Flakus' affidavit regarding his proposed testimony does not contain time parameters which would permit the Court to determine that his testimony solely relates to IRS collection actions in 2003. Accordingly, the Motion to Exclude Defense Expert (#63) is **DENIED without prejudice**.

Defendant has not opposed the Government's Motion in Limine to introduce business records (#64). Accordingly, the Motion is **GRANTED**.

The Government's Motion to Exclude Defense Evidence (#65) seeks to preclude the testimony from Paul Dixon on the basis that the information is not legally or factually relevant and the testimony calls for disclosure of privileged attorney client communications. Government again argues that the primary act of evasion occurred on August 21, 2002 and that the proposed testimony regarding discussions with Revenue Officer Rozette Cary did not occur until the Fall of 2003. Although the attorney client privilege may have been waived by disclosure of the communications, evidence concerning the levies in the fall of 2003, would be irrelevant and inadmissable. Accordingly, the Motion to Exclude Defense Evidence (#65) is **GRANTED**.

Defendant's Opposition (#75) includes a Countermotion to Dismiss alleging violation of Defendant's Speedy Trial Rights under the Sixth Amendment. A review of the record shows that six of the seven requests for continuation of trial were at the instance of Defendant. The Court, in response to the requests, made appropriate findings which excluded those delays for purposes of computing time. Defendant has not, prior to this time, asserted his right to a speedy trial. The length of the delay is not inordinate considering the need of the Defendant to be properly represented. Defendant has not been in custody and has not been prejudiced by the delay. To the contrary, he has

benefitted from each and every continuance granted at his request. Accordingly, the Motion to Dismiss (#75) is **DENIED**.

Defendant has also filed a Notice of Intent to Introduce former testimony of George R. Hart (#72). The proposed testimony includes excerpts from Mr. Hart's testimony before the Grand Jury which indicted Defendant. Although Defendant does not specifically state he is waiving his right of confrontation, it is apparent that he intends to introduce only helpful portions of Mr. Hart's testimony to the exclusion of other testimony which could be considered detrimental. To the extent Defendant is requesting to introduce only selected excerpts of the testimony of George R. Hart, the motion is denied. The Court has additional concerns whether the Defendant can selectively waive his right to confrontation. The Court also has concerns with the import and validity of a general waiver. Accordingly, the Court intends to exclude those portions of the testimony of George R. Hart, proposed for admission in Defendant's Notice of Intent to Introduce Former Testimony (#72).

DATED: September 16, 2011

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE