# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IAN CHRISTOPHERSON,

    Defendant.

Case No. 2:09-CR-00056-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant's Motion to Continue Sentencing (#124) filed June 14, 2012. The Government filed a response (#125). Sentencing is currently set for June 20, 2012. Defendant seeks a continuance of no more than thirty (30) days in order to effectively and thoroughly prepare for sentencing.

    Defendant's criminal trial concluded on September 23, 2011 when Defendant was found guilty on Counts One and Two of the indictment. Sentencing was set for January 4, 2012. On December 14, 2011, the Court granted the parties' stipulation to continue setting sentencing to February 8, 2012. On January 11, 2012, Defendant substituted present counsel to represent him on sentencing and other post-trial matters. A second stipulation to continue sentencing was granted by the Court on January 23, 2012 which set sentencing for May 2, 2012. On April 24, 2012, a third

continuance was granted by the Court in accordance with the parties' stipulation which set sentencing for June 20, 2012.

In granting continuances:

> a district court must balance 1) whether the continuance would inconvenience the witnesses, the court, counsel, or the parties; 2) whether other continuances have been granted; 3) whether legitimate reasons exist for the delay; 4) whether the delay is the defendant's fault; and 5) whether a denial would prejudice the defendant.

United States v. Fowlie, 24 F.3d 1059, 1069 (9th Cir.1994). The first and second consideration favor denial of the motion to continue. Defendant's counsel has been preparing for sentencing since January 11, 2012 and Defendant's trial ended nine months ago. However, counsel asserts that he remains unprepared for sentencing. While the Court finds in counsel's lack of preparation the risk of prejudice to Defendant, Defendant's counsel has raised several factual issues in his motion that are misleading.

First, Defendant's counsel cites the letter of approval (#111) which approved an extension of deadline to prepare transcripts until March 19, 2012, not March 14, 2012 as cited by Defendant. Additionally, counsel asserts that the last of the trial transcripts was not prepared and filed until April 2, 2012. Counsel knows that while it is true that the last transcript was not docketed in the Court's file until April 2, 2012, the transcripts are emailed to counsel when they are prepared not when they are docketed. Thus, the transcript docketed April 2, 2012 (#120) – which covered Jury Trial Day 2 (a.m. session) and was taken by a substitute court reporter – was emailed to counsel on or about March 5, 2012, but was not docketed until a later date because the substitute court reporter does not docket her own transcripts. The latest date a transcript was emailed to counsel was on March 21, 2012, and this transcript only covered the oral reading of the jury instructions and closing arguments. Thus, there was no significant delay in the preparation of the transcripts that affects the current sentencing date.

Finally, Defendant asserts that trial exhibits were only recently received and are imperative to the preparation of his sentencing argument. While review of the transcripts and exhibits are

important to preparing an appeal, sentencing is not the time to reargue the facts of the case or the court's legal rulings. Lengthy reargument of factual issues already determined by the jury or legal rulings by the court will not be permitted. However, to avoid potential prejudice to Defendant, the Court grants the motion to continue so that counsel will have time to adequately prepare for sentencing issues.

Accordingly, good cause appearing in accordance with Federal Rule of Criminal Procedure 32(b)(2), Defendant's Motion to Continue Sentencing (#124) is **GRANTED**. Sentencing is rescheduled for July 16, 2012 at the hour of 9:00.

DATED: June 18, 2012

_____
Kent J. Dawson
United States District Judge