UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-cr-00056-MMD-RJJ |
| Plaintiff, | ORDER |
| v. | (Def.'s Motion for Judgment of Acquittal – dkt. no. 99) |
| IAN CHRISTOPHERSON, | |
| Defendant. | |

**I.  SUMMARY**

Before the Court is Defendant Ian Christopherson's Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29. (Dkt. no. 99.) For the reasons discussed below, the Motion is denied.

**II.  BACKGROUND**

On September 23, 2011, after a five day jury trial, the jury found Defendant guilty of two counts of tax evasion. Count One charged Defendant with income tax evasion for his individual income tax for tax years 1994 and 1996. Count Two charged Defendant with income tax evasion for employment taxes from the first quarter 1994 through the fourth quarter 1998 and federal unemployment tax for tax years 1992 through 1998.

At trial, the government presented evidence that Defendant's principal act of evasion consisted of the use of a bank account at First Citizen's Bank of Butte, Montana under the name "Industrial Consultants." The government presented evidence that

1  Defendant started using the account under the Industrial Consultants name on or about
2  August 21, 2002, over one year after the IRS issued levies on his accounts, and less
3  than one month after the IRS seized Defendant's stocks and bonds.  The government
4  argued that such evidence demonstrated Defendant's willful intent to evade taxes.  In
5  response, Defendant presented evidence that he was essentially forced to use the First
6  Citizen's Bank account to survive because of the government's extreme collection
7  efforts.

8  Defendant moved for judgment of acquittal at the close of the government's case,
9  at the close of Defendant's case, and at the close of the government's rebuttal case.
10  (Dkt. nos. 88, 89, and 92.)  The Court denied all three motions.  Defendant filed the
11  present Motion on October 7, 2011, after the jury's verdict was published.  Defendant
12  asks the Court to set aside the jury verdict and enter a judgment of acquittal.  While his
13  Motion is made pursuant to Rule 29(c), Defendant also seeks "a mistrial/new trial."

**III.  DISCUSSION**

Defendant does not argue that the evidence is not sufficient to support the jury's verdict.  Instead, he argues that the evidence (i.e., his testimony) supports non-criminal proffered reason for his use of the First Citizen's Bank account after August 2002 – generating funds to stay in business in order to pay his tax obligations.  Defendant further argues that his explanation would have been strengthened had the Court not excluded certain evidence.  In "The Fact" section of his brief, Defendant argues that the Court's decision to exclude evidence precluded him from establishing how the government's aggressive collection efforts caused him to use the First Citizen's Bank account to survive.  Defendant does not identify the evidence excluded, but the Court assumes he is referring to the Order granting the government's Motion to Exclude Evidence (dkt. no. 65), relating to communications about collection activities in fall 2003 between Revenue Officer Rozette Cary and Paul Dixon, an in-house attorney for the IRS (herein after referred to as "certain evidence").  (Dkt. no. 77.)  In granting said Motion, the Court held that evidence relating to levies in the fall of 2003 was irrelevant

and inadmissible. (*Id.* at 2.) In "The Law" section of his brief, Defendant points to George Hart's Grand Jury testimony, which he contends provides corroborative evidence. Defendant had issued notice to introduce selected portions of Mr. Hart's testimony before the Grand Jury which indicted Defendant. (Dkt. no. 72.) Mr. Hart was a partner in Industrial Consultants who died in February 2010. Defendant argued that the proffered excerpts of Mr. Hart's testimony supported Defendant's explanation regarding the First Citizen's Bank account's purpose. The government objected to introduction of selected portions of Mr. Hart's testimony. (Dkt. no. 74.) The Court denied Defendant's request to offer selected excerpts of Mr. Hart's Grand Jury testimony. (Dkt. no. 77 at 3.)

## A.  Judgment of Acquittal

Defendant's Motion reiterates his previous objections to the Court's decision to exclude certain evidence in response to the government's motion in limine and to preclude introduction of portions of Mr. Hart's former testimony. Defendant essentially seeks reconsideration of the Court's prior decisions on these two evidentiary issues.[1] Moreover, because Defendant previously moved for judgment of acquittal at the close of the government's rebuttal case pre-verdict, Defendant's Motion in effect seeks reconsideration of the Court's earlier denial of that decision as well. Accordingly, the Court construes Defendant's Motion as a motion for reconsideration.

The Federal Rules of Criminal Procedure do not expressly permit motions for reconsideration. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). *Sierra On-line, Inc. v. Phoenix*

---

[1] During trial, Defendant requested admission of evidence of levies issued after fall 2003 to demonstrate bias by Revenue Officer Cary. The court denied his request, finding there was no evidence of bias to permit Defendant to offer evidence of levy activities conducted a year after he started using the First Citizen's Bank account. (Dkt. no.115 at 71-72.)

*Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984). The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *School Dist. No. 1J v. ACandS*, *Inc.*, 5 F.3d. 1255, 1263 (9th Cir.1993). After demonstrating at least one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

Defendant asks the Court to reconsider its (1) previous ruling that certain evidence should have been admitted, (2) previous order precluding introduction of portions of Mr. Hart's Grand Jury testimony and (3) previous order denying his motion for judgment of acquittal pre-verdict. Defendant fails to demonstrate that any of the three above-listed requirements for granting a motion to reconsider have been met. *See School Dist. No. 1J*, 5 F.3d. at 1263. Accordingly, to the extent Defendant is seeking reconsideration of the Court's earlier decisions, Defendant's Motion is denied.

Moreover, the merits of Defendant's arguments fail. A criminal defendant's challenge to the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Jackson* requires a court, upon such a motion, to construe the evidence "in the light most favorable to the prosecution" to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original). When considering evidence in the light most favorable to the prosecution, "faced with a record of historical facts that supports conflicting inferences, a reviewing court must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson*, 443 U.S. at 326).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the government established the elements of the offense of tax evasion. The primary issue at trial was whether the government had offered sufficient evidence to establish the element of willful intent beyond a reasonable doubt. The government offered Defendant's use of the account with First Citizen's Bank of Butte under another entity name, Industrial Consultants, beginning in August 2002, as evidence of his willful intent to evade taxes. Defendant testified that he used this account not for the purpose of evading taxes but because he needed to do so to stay in business due to the aggressive and draconian enforcement efforts by the IRS. In reaching its guilty verdict, the jury agreed with the government. Indeed, Defendant does not argue that the evidence is not sufficient to support the jury's verdict. He merely contends that his testimony "raises the existence of two reasonable conclusions as to the evidence, with one of the two Mr. Christoperson's innocence." (Dkt. no. 99 at 8.) However, faced with evidence supporting conflicting inferences, the jury resolved the conflict in favor of the government. This Court must defer to that resolution.

### B. Mistrial

Defendant, in a perfunctory manner, inserts a request for "mistrial/new trial" as an alternative without providing any legal or additional factual basis to support this request for the Court to declare a mistrial or a new trial post-verdict. Fed. R. Crim. P. 33 permits the court to vacate a judgment and grant a new trial "if the interest of justice so requires."[2] Because the Court concludes that the government presented sufficient evidence to establish the essential elements of the offense beyond reasonable doubt, the Court cannot determine that a new trial would serve the interest of justice. Accordingly, Defendant's request for a new trial is denied.

///

---

[2] Defendant appears to request a new trial under Fed. R. Crim. P. 29. However, Rule 29(d)(1) instructs a court to conditionally address a motion for a new trial only if it grants a judgment of acquittal. Rule 29(d)(1) does not apply where, as here, the Court denies Defendant's request for a judgment of acquittal.

## IV. CONCLUSION

IT IS ORDERED that Defendant's Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 (dkt. no. 99) is DENIED.

DATED THIS 12th day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE